110 F.3d 61
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claude WILLIAMS, III, Defendant-Appellant.
 No. 95-5534.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1997.
Decided March 31, 1997.
 
 ARGUED: Jesse James Waldon, Jr., JESSE J. WALDON, JR., P.A., Matthews, North Carolina, for Appellant. Karen E. Eady, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In a plea agreement reached between Claude Williams, III, and the government in September 1994, Williams agreed to plead guilty to one cocaine conspiracy count. The agreement included Williams' promise to cooperate with the government and the government's promise to "make a motion for downward departure pursuant to [U.S.S.G.] § 5K1.1 or [Fed.R.Crim.P.] 35 as appropriate" if, after Williams' assistance had been "completed," the government determined, in its sole discretion, that Williams had "rendered substantial assistance to the government."
 
 
 2
 At sentencing, Williams provided the court with evidence that he cooperated with the government and that his cooperation resulted in the arrest of two persons. The government, however, elected not to move for a downward departure because, as the government attorney explained:
 
 
 3
 I'm not making a 5K, I'm informing the Court I['ll] possibly make a Rule 35 later based upon whether his cooperation has in fact borne fruit, but I don't think we should allow someone to make a deal and then threaten a witness .
 
 
 4
 The government was referring to an incident where Williams, while visiting the home of a family member, became involved in a verbal altercation with the girlfriend of a co-defendant who was also a possible witness against him and allegedly threatened her. At the time, Williams' bond was revoked and Williams was taken into custody. This obstruction of justice allegedly occurred in January following the entry of the plea agreement between Williams and the government in September 1994. As the government's attorney stated, "The plea agreement was entered, I believe, in September, the obstructionist behavior occurred in January." Recognizing the government's com plete discretion to make the § 5K1.1 downward departure motion, the district court stated at sentencing, "Well, I think that answers the question in the sense that it does not appear that it's a breach [by the government] of the plea agreement involved." The court then proceeded to find an offense level of 33 and to sentence Williams to 210 months imprisonment.
 
 
 5
 On appeal, Williams contends that the government breached its plea agreement in refusing to recommend a downward departure. The government, on the other hand, has moved to dismiss the appeal based on Williams' agreement in the plea agreement to waive appeal. The government agrees, however, that its motion depends on its not having breached the plea agreement.
 
 
 6
 As it turns out, the obstruction of justice did not occur after the plea agreement as argued by the government and therefore could not have been a basis for its refusal to file a § 5K1.1 motion to depart downward. The obstruction of justice occurred in January 1994, over one-half year before the plea agreement, and the government now agrees it was aware of the obstruction at the time the plea agreement was signed.
 
 
 7
 During oral argument, the government conceded that the government's trial attorney had simply been mistaken about the sequence of events. But we need not rely only on that concession. The docket also supports the correct sequence. It shows that Williams' bond was revoked on January 24, 1994. The plea agreement was entered some months later, having been signed by Williams on September 9, 1994, and by the government on September 16, 1994.
 
 
 8
 Because the district court sentenced Williams based on mistaken information, we vacate his sentence and remand the case for resentencing. At resentencing, the district court can determine whether the government intends to move for a downward departure under U.S.S.G. § 5K1.1, whether it is required to do so, and whether its failure to do so would result in a breach of the plea agreement.
 
 VACATED AND REMANDED